UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JEFFREY S. HEIRONIMUS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-00140-WTL-MJD |
| | ) | |
| RICHARD BROWN, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Denying Petition for Writ of Habeas Corpus,
and Denying a Certificate of Appealability**

Petitioner Jeffrey S. Heironimus is serving an 18-year sentence for a separate conviction[1]

and an 18-month sentence for his 2012 Vanderburgh County, Indiana, conviction for attempted

obstruction of justice, to be served consecutively. He brings this petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254. For the reasons that follow, Mr. Heironimus's petition for a

writ of habeas corpus is **denied** and the action **dismissed with prejudice**. In addition, the Court

finds that a certificate of appealability should not issue.

## I.    Factual and Procedural Background

District court review of a habeas petition presumes all factual findings of the state court

to be correct, absent clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1);

*Daniels v. Knight*, 476 F.3d 426, 434 (7th Cir. 2007). On appeal from post-conviction relief, the

Indiana Court of Appeals summarized the relevant facts and procedural history:

> In May 2011, Heironimus was charged with Class C felony robbery for robbing a
> bank in Evansville. The State also alleged that he was an habitual offender.[2] In

_____

[1] Mr. Heironimus has filed a separate petition for a writ of habeas corpus pursuant to 28 U.S.C. §
2254 related to his other conviction in Case No. 2:17-cv-182-JMS-MJD.
[2] "Heironimus was found guilty of Class C felony robbery and found to be an habitual offender.
We affirmed his conviction on direct appeal. *See Heironimus v. State*, No. 82A01–1204–CR–152

January 2012, the State also charged Heironimus with Class D felony attempted obstruction of justice and again alleged that he was an habitual offender. The State alleged that Heironimus "knowingly sen[t] a letter to Bradford Talley, who was a witness in [the robbery case], with the intent to induce Bradford Talley, by threat or coercion, to withhold testimony in that proceeding, which conduct constituted a substantial step toward that commission of the said crime of Obstruction of Justice ...." Petitioner's Ex. D. The letter in question was sent to Talley, who witnessed Heironimus fleeing the bank after the robbery and who was a stranger to Heironimus. It stated:

> I hope to get your ear before the state does. The prosecutor & cops are going to try & have you appear @ my trial and point me out, to say you saw me in a red truck. Using this testimony they are trying to prove I was the guy who robbed a bank! They are trying to give me as much as 50 yrs! Crazy dude! Anyway, I didn't do this—the guy driving the red truck, it was his bank; his house where the money was found the next day, they caught him and his wife spending the money while I was in jail (because he lied & said I did it). He set me up & they are going for it—he's a thief, liar and rat! He is out of jail now. I don't know how you see this, but I do hope you are not a rat working with the police on a lie in case like this is B.S.! If they find you they can force you to court—cause their the Nazi pigs, they can not force you to say you ever saw me nor can they make you point me out in court.
>
> Just remember things are always as it appears, right. Please don't let them take my life—not by your helping cool? P.S. Watch your back out there. P.S.S. Probably lookin' for ya—over
>
> The Accused!
>
> They're trying to get you to point me out 1st in a line-up—you don't remember right. They are looking to find you & force you to court on Nov. 14th 2011 just to point me out in court & say you saw me in a red truck. You're not sure, right. Simply put, dude, you just can't remember or be sure! Ok? This is my life—in your hands. I've met a couple people in jail who say they know you & your kin, say it's not your style to work with police.
>
> Good luck—if all works out as it should with right at my back—you may be able to talk me into some serious ink work. I am an artist with my own equipment. Keepin' it real, I keep it right w/friends old and new.

---

(Ind. Ct. App. Nov. 1, 2012). In a companion case to this appeal, we also affirmed the post-conviction court's denial of his petition for post-conviction relief. *See Heironimus v. State*, No. 82A01–1602–PC–394 (Ind. Ct. App.——, 2016)."

App. Vol. II pp. 13–14 (capitalization omitted); Petitioner's Ex. C.

> Heironimus's trial counsel advised him that he faced a three-year sentence for the attempted obstruction of justice charge and a four-and-one-half year enhancement for his habitual offender status. Heironimus agreed to plead guilty to attempted obstruction of justice, and the State dismissed the habitual offender allegation. Heironimus agreed to an advisory sentence of eighteen months, which the trial court imposed consecutive to his sentence for the robbery and habitual offender action.

> In March 2013, Heironimus filed a petition for post-conviction relief, which was later amended. Heirominus alleged that he did not receive effective assistance of trial counsel and that his guilty plea was involuntary, unknowing, and unintelligent. After a hearing, the post-conviction court entered findings of fact and conclusions thereon denying Heironimus's petition.

*Heironimus v. State*, 65 N.E.3d 646, 2016 WL 6138958, *1-2 (Ind. Ct. App. Oct. 20, 2016); *see also* Dkt. No. 13-5.

Mr. Heironimus appealed, arguing that (1) he was denied effective assistance of trial counsel or his guilty plea was involuntary because he was not properly advised regarding the habitual offender enhancement; and (2) he was denied effective assistance of trial counsel or his guilty plea was involuntary because he was not advised regarding an alleged defense to the charge. *Heironimus*, 2016 WL 6138958 at *1. The Indiana Court of Appeals affirmed his conviction and sentence. *Id.* Mr. Heironimus filed a petition for transfer to the Indiana Supreme Court. It was denied on February 9, 2017.

On March 28, 2017, Mr. Heironimus filed this petition for a writ of habeas corpus.

## II. Applicable Law

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a). Mr. Heironimus's petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"); *see Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

The Supreme Court has described AEDPA as "a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court" and has emphasized that courts must not "lightly conclude that a State's criminal justice system has experienced the 'extreme malfunction' for which federal habeas relief is the remedy." *Burt v. Titlow*, 134 S. Ct. 10, 16 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011)); *see also Renico v. Lett*, 559 U.S. 766, 773 (2010) ("AEDPA . . . imposes a highly deferential standard for evaluating state-court rulings, and demands that state court decisions be given the benefit of the doubt.") (internal quotation marks, citations, and footnote omitted).

Where a claim has been adjudicated on the merits in state court, habeas relief is available under the deferential AEDPA standard only if the state court's determination was (1) "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). Thus, "under AEDPA, federal courts do not independently analyze the petitioner's claims; federal courts are limited to reviewing the relevant state court ruling on the claims." *Rever v. Acevedo*, 590 F.3d 533, 536 (7th Cir. 2010). "A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner." *Brown v. Payton*, 544 U.S. 131, 141 (2005) (internal citations omitted). "Under § 2254(d)(2), a decision involves an unreasonable determination of the facts if it rests upon fact-finding that ignores the clear and convincing weight of the evidence." *Goudy v. Basinger*, 604 F.3d 394, 399–400 (7th Cir. 2010) (citing *Ward v. Sternes*, 334 F.3d 696 (7th Cir. 2003)). "The habeas applicant has the burden of proof to show that the application of federal law was unreasonable."

*Harding v. Sternes*, 380 F.3d 1034, 1043 (7th Cir. 2004) (citing *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002)).

## III.    Discussion

Mr. Heironimus raises two grounds in his petition: (1) ineffective assistance of trial, appeal, and post-conviction counsel[3] due to "omissions and errors of counsel" for failing to advise him about choices, penal consequences and a proper defense; and (2) he is being held under an illegal conviction in violation of the 14th Amendment where the "state was not legally capable of pronouncing sentence…[and] he was convicted and sentenced under an illusory threat." The Court construes Mr. Heironimus to be raising the same challenges he brought in his post-conviction appeal.

### A.    Procedural Default

To the extent Mr. Heironimus raises any other challenges, such arguments are waived as procedurally defaulted.

"Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts." *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). To meet this requirement, a petitioner "must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* at 1025-26. In Indiana, that means presenting his arguments in a petition to transfer to the Indiana Supreme Court. *Hough v. Anderson*, 272 F.3d 878, 892 (7th Cir. 2001). A federal claim is not fairly presented

---

[3] Mr. Heironimus lists a claim of ineffective assistance of post-conviction counsel, but he does not develop the argument. That argument is therefore waived. *See United States v. Holm*, 326 F.3d 872, 877 (7th Cir. 2003) ("We have repeatedly warned that 'perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived (even where those arguments raise constitutional issues).'") (internal citations omitted).

unless the petitioner "put[s] forward operative facts and controlling legal principles." *Simpson v. Battaglia*, 458 F.3d 585, 594 (7th Cir. 2006) (citation and quotation marks omitted). Procedural default "occurs when a claim could have been but was not presented to the state court and cannot, at the time that the federal court reviews the habeas petition, be presented to the state court." *Resnover v. Pearson*, 965 F.2d 1453, 1458 (7th Cir. 1992).

Any argument newly raised here would not have been fairly presented to each and every level in the state court system, and therefore Mr. Heironimus would have failed to exhaust his state court remedies. At this juncture, this failure constitutes a procedural default of any such ground.

"A procedural default can be overlooked when the petitioner demonstrates cause for the default and consequent prejudice, or when he shows that a fundamental miscarriage of justice will occur unless the federal court hears his claim." *Wilson v. Briley*, 243 F.3d 325, 329 (7th Cir. 2001) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)); *Johnson v. Loftus*, 518 F.3d 453, 455 (7th Cir. 2008). However, Mr. Heironimus does not address the procedural default issue or make the required showing. Accordingly, Mr. Heironimus is not entitled to habeas relief on any newly raised ground not previously presented to the Indiana Court of Appeals and Indiana Supreme Court.

### B.      Ineffective Assistance of Counsel Claims

*Strickland v. Washington*, 466 U.S. 668, 684 (1984), supplies the clearly established federal law, as determined by the Supreme Court of the United States that governs a claim of ineffective assistance of counsel.

> *Strickland* recognized that the Sixth Amendment's guarantee that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence" entails that defendants are entitled to be represented by an attorney who meets at least a minimal standard of competence. *Id.,* at 685–687. "Under *Strickland*, we first determine whether counsel's representation 'fell below an objective standard of reasonableness.' Then we ask whether 'there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Padilla v. Kentucky*, 559 U.S. 356, 366 (2010) (quoting *Strickland*, *supra*, at 688, 694).

*Hinton v. Alabama*, 134 S. Ct. 1081, 1087-88 (2014) (parallel citations omitted). The Supreme Court framed the determinative question as "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. This Court must give "double deference" to the state court's ruling on ineffective assistance of counsel claims because habeas review under AEDPA requires a habeas court to give the state court and the defense attorney the benefit of the doubt. *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015).

1.    Indiana Court of Appeals' Application of *Strickland*

Without directly citing *Strickland*, the Indiana Court of Appeals applied the *Strickland* standard through citation of *Segura v. State*, 749 N.E.2d 496 (Ind. 2001)[4]:

> Because Heironimus was convicted pursuant to a guilty plea, we must analyze his claims under *Segura v. State*, 749 N.E.2d 496 (Ind. 2001). In *Segura*, the Indiana Supreme Court held:
>
>> Whether viewed as ineffective assistance of counsel or an involuntary plea, the post[-]conviction court must resolve the factual issue of the materiality of the bad advice in the decision to plead, and post[-]conviction relief may be granted if the plea can be shown to have been influenced by counsel's error. However, if the post[-]conviction court finds that the petitioner would have pleaded guilty even if competently advised as to the penal consequences, the error

---

[4] *Segura* directly cited to *Strickland*:

> To prevail on a claim of ineffective assistance of counsel, a petitioner must show two things: (1) the lawyer's performance fell below an "objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

*Segura*, 749 N.E.2d at 500-01.

> in advice is immaterial to the decision to plead and there is no prejudice.

> *Segura*, 749 N.E.2d at 504–05. Thus, it is immaterial whether Heironimus's claim is characterized as an involuntary plea or ineffective assistance of counsel. *See Willoughby v. State*, 792 N.E.2d 560, 563 (Ind. Ct. App.2003) (citing *Segura* and holding that it was immaterial whether the petitioner's claim was characterized as an involuntary plea or ineffective assistance of counsel because, under either standard, the petitioner must demonstrate that the intimidation resulting from his trial counsel's failure to inform him of the single larceny rule was material to his decision to plead guilty), *trans. denied.*

*Heironimus*, 2016 WL 6138958 at *2-3. Additionally, as to Mr. Heironimus's first claim, the

Indiana Court of Appeals explained the standard as:

> We believe a showing of prejudice from incorrect advice as to the penal consequences is to be judged by an objective standard, i.e., there must be a showing of facts that support a reasonable probability that the hypothetical reasonable defendant would have elected to go to trial if properly advised….

> In sum, … to prove this in the case of claims related to a defense or failure to mitigate a penalty, it must be shown that there is a reasonable probability that a more favorable result would have obtained in a competently run trial. However, for claims relating to penal consequences, a petitioner must establish, by objective facts, circumstances that support the conclusion that counsel's errors in advice as to penal consequences were material to the decision to plead. Merely alleging that the petitioner would not have pleaded is insufficient. Rather, specific facts, in addition to the petitioner's conclusory allegation, must establish an objective reasonable probability that competent representation would have caused the petitioner not to enter a plea.

*Id.* at *3 (citing *Segura*, 749 N.E.2d at 507). As to Mr. Heironimus's second claim, the Indiana

Court of Appeals explained the standard as: "[i]n order to set aside a conviction because of an

attorney's failure to raise a defense, a petitioner who has pled guilty must establish that a defense

was overlooked or impaired and that the defense would likely have changed the outcome of the

proceeding." *Id* at *5 (citing *Segura*, 749 N.E.2d at 499). These analyses are in line with

*Strickland* and prevailing federal law.

2.      Indiana Court of Appeals' Decision on the Habitual Offender Enhancement
        Claim

Mr. Heironimus's first claim is that his guilty plea was involuntary because his trial counsel incorrectly advised him that his sentence could have been enhanced to seven and a half years by his habitual offender status, when under Indiana state law, the maximum sentence he would have received was three years. Applying the above standards, the Indiana Court of Appeals affirmed the post-conviction court's findings, finding that:

> Heironimus had an extensive criminal history. The post-conviction court noted that his criminal history included:
>
>> [T]he 2012 Robbery conviction in Cause 82C01–1105–FB–654; a 2009 Possession of a Controlled Substance conviction as a misdemeanor; a 2007 federal Uttering Counterfeit Obligations or Securities Conviction as a felony; a 1985 Robbery conviction as a felony in which Petitioner served 42 years at the Indiana Department of Correction; a 1979 Armed Robbery; a 1979 Burglary; a 1976 Delivery [of] a Controlled Substance conviction; and several other mostly alcohol-related offenses.
>
> [App. Vol. II] at 105. Given Heironimus's extensive criminal history, the likelihood of him receiving a sentence more favorable than the advisory sentence is extremely slim. Moreover, Heironimus never testified at the post-conviction hearing that accurate advice regarding the habitual offender enhancement would have caused him not to enter a guilty plea. On appeal, Heironimus argues only that, given accurate advice, "it is reasonably probable to assume they would have negotiated a term of even less time." Appellant's Br. p. 11. To the contrary, there is no indication whatsoever that the State would have negotiated a sentence less than the advisory sentence, especially given Heironimus's criminal history. The post-conviction court's findings on this issue are not clearly erroneous.

*Id.* at \*4-5. This assessment—resting on the second prejudice prong of a claim of ineffective assistance of counsel—is compatible with the federal *Strickland* standard. And because of this reasonable application of the controlling federal standard, "[u]nder AEDPA . . . it cannot be disturbed." *Hardy v. Cross,* 132 S. Ct. 490, 495 (2011). Accordingly, Mr. Heironimus is not entitled to habeas relief on this ground.

### 3. Indiana Court of Appeals' Decision on the Sufficiency Defense

Mr. Heironimus's second claim is that his guilty plea was involuntary because his trial counsel incorrectly failed to advise him of the defense that the State lacked sufficient proof to convict him. The Indiana Court of Appeals summarized the post-conviction court's findings:

> On this issue, the post-conviction court found that Heironimus had admitted during the guilty plea hearing that he sent a letter to a witness to induce him, either by threat or coercion, not to testify in another proceeding against Heironimus. The post-conviction court also found that Heironimus waived his right to have the State prove the case beyond a reasonable doubt and of his right to a trial by court or jury. Consequently, the post-conviction court rejected Heironimus's argument that his guilty plea was involuntary on this basis. As for the ineffective assistance of counsel claim, the post-conviction court noted that Heironimus was required to show that the defense would likely have changed the outcome of the proceeding. The post-conviction court concluded that a fact finder could have found Heironimus's letter was sent to induce the witness by threat or coercion to withhold testimony. The post-conviction court determined that Heironimus failed to demonstrate that his counsel's performance was deficient or "that even if there were errors on the part of his trial counsel, that any such errors prejudiced the defense." App. Vol. II p. 147.

*Heironimus*, 2016 WL 6138958 at *5. Applying the standard from *Segura*, the Indiana Court of Appeals affirmed the post-conviction court's findings, finding that:

> A reasonable fact finder could have interpreted the letter as an attempt to induce Talley by coercion not to testify. *See, e.g., McElfresh* [*v. State*, 51 N.E.3d 103, 109 (Ind. 2016)] (holding that the evidence was sufficient to sustain the defendant's conviction for attempted obstruction of justice where the defendant sent a coercive letter to the mother of a child molesting victim). It is extremely unlikely that this defense would have changed the outcome of the proceeding. The post-conviction court's findings on this issue are not clearly erroneous.

This assessment—resting on both prongs of a claim of ineffective assistance of counsel—is compatible with the federal *Strickland* standard. And because of this reasonable application of the controlling federal standard, "[u]nder AEDPA . . . it cannot be disturbed." *Hardy v. Cross*, 132 S. Ct. 490, 495 (2011). Accordingly, Mr. Heironimus is not entitled to habeas relief on this ground.

## IV.    Conclusion

This Court has carefully reviewed the state record in light of Mr. Heironimus's claims and has given such consideration to those claims as the limited scope of its review in a habeas corpus proceeding permits.

Having applied the appropriate standard of review, and having considered the pleadings and the record, Mr. Heironimus's petition for writ of habeas corpus must be **denied.**

Judgment consistent with this Entry shall now issue.

## V.    Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the Court finds that the petitioner has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date:    5/23/18

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

JEFFREY S. HEIRONIMUS
862187
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Kelly A. Loy
OFFICE OF THE INDIANA ATTORNEY GENERAL
kelly.loy@atg.in.gov